UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1266 MJD/RLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP WODNY,<br><br>Defendant,<br><br>K.D.L.H. TELEVISION,<br><br>Garnishee. | ) | AGREED FINAL ORDER IN GARNISHMENT |

The parties, the United States of America, the defendant Philip Wodny, and the garnishee K.D.L.H. Television, agree and stipulate as follows:

1. The defendant resides at 2001 West Superior Street, #349, Duluth, Minnesota 55802, and has a social security number of 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.

2. A judgment was entered against the defendant in this action in the amount of $16,326.10 plus interest at the rate of 6.375%, penalties and costs. A total balance due on the judgment is $16,336.97 as of July 11, 2000.

3. The garnishee, whose address is 425 West Superior Street, Duluth, Minnesota 55802, has in its possession, custody or control, property of the defendant in the form of wages paid to the defendant.

4. The defendant waives his right to a hearing under Section

FILED AUG 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3206 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205 and any other process to which the defendant may be entitled under the FDCPA.

5. The garnishee waives being heard in this matter and any other process to which the garnishee may be entitled under the FDCPA.

6. The defendant agrees and stipulates that his wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to entry of a Final Order in Garnishment against all the non-exempt wages of the defendant. It is expressly agreed and stipulated to by the parties that the garnishee shall pay to the United States the total sum of $70.00 per paycheck, which shall be withheld from the wages owed to the defendant.

8. These sums are to be applied upon the judgment rendered in this case. These payments are to continue until the debt is paid in full.

9. Checks should be made payable to the Department of Justice and mailed to 300 South Fourth Street, Room 600, Minneapolis, Minnesota 55415.

10. The plaintiff may pursue administrating offsets, including those by the Internal Revenue Service and the defendant

specifically consents to the offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

11. The defendant can at any time request an accounting of the funds garnished. However, the defendant hereby knowingly waives any rights that defendant might have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

Dated: 8/14/00

B. TODD JONES
United States Attorney

Friedrich A.P. Siekert

for ~~BY~~: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated: 8/3/00

Philip Wodny
PHILIP WODNY
Defendant

Dated:

[signature] VP
K.D.L.H. TELEVISION
Garnishee

IT IS SO ORDERED.

Dated: August 16, 2000

Raymond L. Erickson

Judge, United States District Court